LOUISIANA OIL CORPORATION *v*. FRYE.

(Division B. April 16, 1934.)

[154 So. 274. No. 31167.]

**Green, Green & Jackson,** of Jackson, for appellant.

Amis & Johnson, of Newton, for appellee.

Argued orally by **Marcellus Green**, for appellant.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellee, H. C. Frye, filed a bill in the equity side of the county court seeking to cancel a lease, in writing, upon certain property described in the bill and leased to the appellant. There was also an instrument of employment by which H. C. Frye was employed by the Louisiana Oil Corporation to manage its business in the territory and the filling station involved herein, under the terms of which either party could terminate the contract of employment on fifteen days' notice.

The theory of the bill for cancellation of the lease is that the employment was to continue as long as the lease existed, and constituted the real consideration for the lease. No such agreement appears to be contained in the lease or in the contract of employment.

After this suit was filed, a deed of trust which the appellee had given upon the property covered by the lease was foreclosed, and Frye's interest in the property was purchased at such foreclosure sale.

A motion was made to dismiss the suit as a moot question on account of such foreclosure, which motion was overruled, the county court entering an order canceling the lease, from which an appeal was taken to the circuit court, where the judgment of the county court was affirmed.

The prayer of the bill is as follows: "Wherefore, complainant brings this his suit and prays that process issue to the defendant, Louisiana Oil Corporation, directing it to be and appear before this honorable court at the

March, 1932, term thereof, and on the 1st day thereof, then and there to plead, answer or demur to this bill of complaint, and that on final hearing hereof, that a decree may be entered canceling and holding for naught the lease heretofore executed by complainant to defendant, and for such other, further and more general relief as unto the court may in the premises seem just and proper.''

There were no allegations of mutual mistake in executing the lease, nor anything proven which would justify the court in reforming the contract, and no such relief was specifically asked for.

We think the contract exhibited to the bill was the exponent of their own terms, and that it was not proper to grant the relief prayed for, or any relief; and, consequently, the judgment of the court below must be reversed and the cause dismissed, the costs to be taxed against the appellee.

Reversed and dismissed.